IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RUBEN ALEMAN, M.D.<br><br>Plaintiff,<br><br>v.<br><br>TEXAS MEDICAL BOARD;<br>STEPHEN BRINT CARLTON;<br>SCOTT M. FRESHOUR; and<br>SHERIF Z. ZAAFRAN, M.D.<br><br>Defendants | CIVIL ACTION NO. _____<br><br>JURY |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND REQUEST FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff RUBEN ALEMAN, M.D., hereinafter at times referred to as "Plaintiff," complaining of Defendants TEXAS MEDICAL BOARD, STEPHEN BRINT CARLTON, SHERIF Z. ZAAFRAN, M.D. and SCOTT M. FRESHOUR, hereinafter at times referred to collectively as "Defendants," in their individual and/or official capacities, and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and pursuant to 42 U.S.C. §§1983 and 1988.  Venue of this civil action is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b).

## II.

## **PARTIES**

*Plaintiff*

2. Plaintiff RUBEN ALEMAN, M.D., hereinafter at times referred to as "Plaintiff," is a natural person who is a resident of, and practices medicine in, the Southern District of Texas. Plaintiff brings this suit on his own behalf, and on behalf of physicians practicing medicine in the State of Texas as to the injunctive relief and the declaratory judgment causes of action.

*Defendants*

3. Defendant Texas Medical Board, hereinafter at times referred to as "the Texas Medical Board," "the Board" or "the TMB," is an agency of the executive branch of the State of Texas with the power to regulate the practice of medicine. Tex. Occ.Code § 152.001. The Texas Medical Board may be served with summons by service upon its executive director, Stephen Brint Carlton, J.D., at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas 78701.

4. Defendant STEPHEN BRINT CARLTON, hereinafter at times referred to as "Defendant CARLTON, is a natural person who is a resident of the Western District of Texas and is currently the Executive Director of the Texas Medical Board. Defendant CARLTON is being sued in his official capacity, and may be served with summons at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas 78701.

5. Defendant SCOTT M. FRESHOUR, hereinafter at times referred to as "Defendant FRESHOUR," is a natural person who is a resident of the Western District of Texas and was, during all relevant periods of time, the General Counsel of the Texas Medical Board.

Defendant FRESHOUR is being sued in his official and his individual capacities, and may be served with summons at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas 78701.

6.     Defendant SHERIF Z. ZAAFRAN, M.D., hereinafter at times referred to as "Defendant ZAAFRAN," is a natural person who is believed to reside and work in the Southern District of Texas. Defendant SHERIF Z. ZAAFRAN, M.D. is the current President of the Texas Medical Board. Defendant ZAAFRAN is being sued in his official capacity, and can be served with summons at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas 78701 or wherever he may be found.

### III.

### **FACTUAL BACKGROUND**

7.     Plaintiff is, and was during all relevant time periods, a physician in good standing with the Texas Medical Board and is, and was during all relevant times, practicing medicine in the State of Texas. Plaintiff has a liberty interest in his reputation, his good name and his chosen profession. Plaintiff also has a property interest in his medical license. Such liberty and property interests are protected, and due process is guaranteed to Plaintiff, by the 5th and 14th Amendments to the United States Constitution. Plaintiff also has a 4th Amendment constitutional right "to be secure in [his] persons, houses, papers, and effects against unreasonable searches and seizures."

8.     On or about July 29, 2011, Plaintiff was presented with a paper Certificate of Death, and was requested to sign the medical certification portion of the certificate which had already been "dropped to paper." He complied, and signed the certificate with a pen. It

is well known that, after a Certificate of Death is "dropped to paper," the medial certification on the certificate of death is no longer able to be signed electronically by the physician, but instead must be signed in ink.

9. On or about May 3, 2013, a Complaint was initiated by the Texas Medical Board against Plaintiff alleging violations of the Medical Practice Act, and claiming that Plaintiff's action and conduct, in signing a death certificate with a pen (as opposed to electronically signing the death certificate), was unprofessional or dishonorable conduct likely to deceive or defraud the public. It was also alleged in the Complaint that Plaintiff's behavior was deserving of severe sanctions (aggravating factors including Aleman's intentional, premeditated, knowing or grossly negligent acts) which Defendants TMB and FRESHOUR knew were false. Other blatantly false allegations were also contained within the complaint. Defendant FRESHOUR was General Counsel and knew, or should have known, while he was acting under color of state law, that his approval and authorization of the Complaint violated clearly established statutory or constitutional law of which a reasonable person would have known.

10. On or about December 4, 2013, a hearing on the merits was conducted at the State Office of Administrative Hearings. The hearing resulted in a finding of a violation of the Medical Practice Act.

11. On or about April 10, 2014, a Proposal for Decision was issued by the Administrative Law Judge, reflecting a violation of the Medical Practice Act.

12. On or about June 27, 2014, a Final Order was entered by Defendant TMB finding that Plaintiff had committed a violation of the Medical Practice Act by using a pen to sign a death certificate.

13. On or about July 18, 2014, Dr. Aleman timely filed an Appeal of such Final Order to a Travis County District Court.

14. On or about April 20, 2016, on appeal to a district court, the Final Order was affirmed, with one minor modification.

15. On or about May 16, 2016, the case was then appealed to the 3rd Court of Appeals and the district court's opinion was affirmed on or about March 2, 2017.

16. On or about June 5, 2017, a Petition for Review was filed with the Texas Supreme Court by Plaintiff.

17. On or about May 24, 2019, the Texas Supreme Court issued its opinion which reversed the findings of Defendant and held that the Medical Practice Act did *not* authorize disciplinary action against Plaintiff, for Plaintiff's conduct and action in signing a death certificate with a pen.  This opinion was not further appealed by the Texas Medical Board.

18. On or about June 14, 2019, the Texas Medical Board entered an order vacating the prior Final Order, which had been entered on June 27, 2014.

19. On or about July 11, 2019, the Texas Supreme Court issued its mandate in connection with the petition for review, thus ending the appellate review for this disciplinary action.

20. Notwithstanding the opinion of the Texas Supreme Court, and notwithstanding Plaintiff's demand that such status be removed, Defendants have continued to indicate, on the TMB website that Plaintiff has a disciplinary history.

21. On March 25, 2020, Defendant TMB, with the approval of Defendant FRESHOUR, through its Executive Director, Defendant CARLTON, issued an Instanter Subpoena Duces

Tecum in connection with a disciplinary matter. It should be pointed out that the Fifth Circuit has held, numerous times, that these Instanter Subpoenas are unconstitutional and violate the 4th Amendment of the United States Constitution.[1] It should also be pointed out that the Fifth Circuit has held that the unconstitutionality of such instanter subpoenas has been clearly established law since at least October 22, 2013.[2]

## IV.

### FIRST CAUSE OF ACTION
### APPLICATION FOR PRELIMINARY INJUNCTION

22. Plaintiff incorporates the factual background reflected in paragraph III above. Defendants, in their official capacities, are still issuing and serving instanter subpoenas, in violation of the 4th Amendment of the United States Constitution, and in violation of binding applicable case law. Such actions are a violation of clearly established statutory and constitutional rights.

23. Plaintiff, who is a practicing physician in the State of Texas, and other physicians in the State of Texas, may be subject to an instanter subpoena issued by Defendants. Accordingly, because of Defendants' flagrant disregard for established 5th Circuit precedent and Defendants' flagrant and continued violation of the 4th Amendment to the United States

---

[1] "This is another in a long line of cases involving the Texas Medical Board serving instanter subpoenas on medical clinics. We have said that those subpoenas—which do not allow for court review and demand immediate compliance—are unconstitutional." *Morgan v. Chapman,* 969 F.3d 238, 241 (C.A.5 (Tex.), 2020)

[2] "We hold that it was clearly established at the time of this search that the medical profession as a whole is not a closely regulated industry, meaning that governmental agents violate the Constitution when they search clinics that are not pain management clinics without providing an opportunity for precompliance review." *Zadeh v. Robinson*, 928 F.3d 457, 468 (C.A.5 (Tex.), 2019) The instanter subpoena in *Zadeh was served* on October 22, 2013.

Constitution, Defendants, in their official capacities, should be preliminarily enjoined from issuing and/or serving any instanter subpoenas.

24.     Plaintiff requests this Court to, after notice and a hearing, restrain and enjoin Defendants from issuing and/or serving instanter subpoenas.

25.     Based upon information and belief, if Defendants are not immediately enjoined and restrained from issuing and/or serving instanter subpoenas, Defendants will continue to issue and serve instanter subpoenas upon physicians practicing medicine within the State of Texas, including Plaintiff, in violation of the United States Constitution.

26.     Accordingly, Plaintiff hereby sues for a preliminary injunction, as requested hereinabove.

V.

**SECOND CAUSE OF ACTION**
**REQUEST FOR PERMANENT INJUNCTION**

27.     Plaintiff incorporates the factual background reflected in paragraphs III and IV above. Plaintiff requests this Court to set his case for a jury trial and that after a trial on the merits, issue a permanent injunction against Defendants as set forth above, making the preliminary injunction a permanent injunction against Defendants.

VI.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1983**

28.     Pursuant to 42 U.S.C. §1983, Plaintiff hereby sues Defendant SCOTT M. FRESHOUR in his individual capacity for compensatory damages.  As a result of the conduct of Defendant SCOTT M. FRESHOUR, as described above, acting under color of

state law, Plaintiff was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. Such actions by such Defendant, as noted above, violated clearly established statutory or constitutional rights of which a reasonable person would have known, including Plaintiff's right to due process.

29. Defendant FRESHOUR knew that certain allegations contained within the Complaint against Plaintiff were false and untrue and knew that pursuing such allegations, in a coercive way to force Plaintiff to falsely admit to a violation of the Medical Practice Act, when none had occurred, would make it very improbable that Plaintiff could defend himself against such frivolous allegations without the expenditure of, or the incurring of, vast sums of money. Such frivolous allegations violated clearly established statutory and constitutional rights of Plaintiff, including Plaintiff's right to due process.

30. Additionally, to this day, the Texas Medical Board website continues to reflect that Plaintiff has a disciplinary history, when Defendant FRESHOUR knows that the Texas Medical Board had no authority to take disciplinary action against Plaintiff for the alleged violation of the Medical Practice Act. This "disciplinary history" being continually published on the TMB website, affects and damages Plaintiff's reputation as an ethical and competent physician. Such continued publication violates clearly established statutory and constitutional rights of Plaintiff and violates Plaintiff's right to due process.

31. As a result of Defendant FRESHOUR's conduct and actions, Plaintiff has suffered damages. Such damages include, but are not limited to, the attorneys' fees and expenses which were incurred by Plaintiff to protect his constitutional rights; and damages to Plaintiff's reputation and standing in the community which Plaintiff lost as a result of the improper publication by Defendant FRESHOUR of Plaintiff's "disciplinary history." Plaintiff hereby sues Defendant FRESHOUR for all such compensatory damages.

## VII.

## FIFTH CAUSE OF ACTION
## REQUEST FOR DECLARATORY JUDGMENT

32.     Pursuant to 28 U.S.C. §2201, Plaintiff hereby sues for declaratory relief to determine the rights and other legal relations between Plaintiff and other similarly situated physicians, and Defendant the Texas Medical Board.  Plaintiff, as a licensed physician in the State of Texas, has substantial doubts and uncertainties as to his rights and legal relations with the Texas Medical Board under the Texas Administrative Code, the Texas Medical Practices Act, and the Texas Medical Board Rules and the Texas and U.S. Constitutions.

33.     Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaration from this Court

> that the rules and regulations of the Texas Medical Board, which do not allow for a reasonable opportunity to be heard, prior to a drastic action being taken against a physician which would deprive the physician of his/her property or liberty interests, are unconstitutional as written or as applied;

> that the publication to the general public of suspensions, limitations or restrictions of a physician's license, which were taken without notice to the physician and prior to a due process hearing, would amount to a deprivation of a property or liberty interests without due process;

> that after a temporary suspension, limitation or restriction of a medical license, without notice, failing to grant a physician a prompt (within 14 days) appellate review by a neutral fact finder and not TMB members, is a violation of due process;

> that after a temporary suspension, limitation or restriction of a medical license with notice, failing to grant a physician a  prompt (within 30 days) appellate review by a neutral fact finder and not TMB members, is a violation of due process;

> that allowing the TMB to alter the findings of the SOAH Judge or Judges who conduct a due process hearing, is in essence not due process, and would be a violation of the state and constitutional rights of a physician to due process;

> that instanter subpoenas are unconstitutional; and

that allowing the Texas Medical Board to influence the neutrality of any Texas Medical Board panel during an ISC hearing or during a suspension hearing, by having a Texas Medial Board staff attorney stay in the room during executive sessions, which are not recorded, and which wrongfully influence the board members, is unconstitutional as written or as applied.

34. Plaintiff would show that the *Younger* abstention should not apply. This dispute does not involve an ongoing state judicial proceeding, and while it is conceded that the State of Texas does have an important interest in regulating medical licenses, Plaintiff would show unto this Court that he did not have a non-illusory opportunity in the state proceedings to raise these constitutional challenges.

## VIII.

## ATTORNEYS' FEES, COSTS & INTEREST

35. As a result of Defendants' conduct and actions, the undersigned attorneys have been retained by Plaintiff to prosecute this civil action and protect his constitutional rights. Accordingly, Plaintiff hereby sues for the recovery of his reasonable attorneys' fees, costs of court and prejudgment and post-judgment interest at the highest rates to which he is entitled.

## IX.

## JURY DEMAND

36. Plaintiff hereby demands a jury for the trial of this complaint.

## X.

## PRAYER

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff RUBEN ALEMAN, M.D. hereby prays that summons be issued for these defendants; that Defendants be cited to

appear and answer herein; that after an evidentiary hearing, a preliminary injunction be issued as requested above; that Plaintiff obtain an order permanently enjoining Defendants (in their official capacities) from issuing or serving instanter subpoenas; that a declaratory judgment be issued as requested above; and that a final judgment be entered that Defendant FRESHOUR (in his individual capability) be ordered to pay to Plaintiff his compensatory damages; that Plaintiff recover his attorneys' fees, costs of court and pre-judgment and post-judgment interest at the highest rates to which he is entitled to receive; and for such other proper relief to which Plaintiff is justly entitled.

Respectfully submitted,

s/ Ronald G. Hole
Ronald G. Hole
ATTORNEY IN CHARGE FOR PLAINTIFF
State Bar I.D. 09834200
Federal I.D. No. 1199
P. O. Box 720547
McAllen, Texas 78504
Telephone No.: (956) 631-2891
Telecopier No.: (956) 631-2415
E-Mail: Mail@holealvarez.com

OF COUNSEL:

HOLE & ALVAREZ, L.L.P.
Water Tower Centre
612 W. Nolana, Suite 370
P. O. Box 720547
McAllen, Texas 78504
Telephone: (956) 631-2891
Telecopier: (956) 631-2415

BCC:TMB-RIO\Federal\Pld